FILED
2007 Mar-09 PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SAMMY EDWARD SIMPSON, II, ] | |
| ] | |
| Plaintiffs, ] | |
| ] | |
| vs. ] | CV-06-CO-04740-W |
| ] | |
| ALABAMA DEPARTMENT OF ] | |
| HUMAN RESOURCES, *et al.*, ] | |
| ] | |
| Defendants. ] | |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration Defendants' Motion to Dismiss (Doc. 9), filed on January 22, 2007, and Motion for Summary Judgment (Doc. 12), filed on January 25, 2007. Plaintiff Sammy Edward Simpson, II, filed his complaint on November 21, 2006, pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794 and 28 U.S.C. § 1343(4). Plaintiff has alleged claims for termination/constructive discharge against Alabama State Department of Human Resources and the Marshall County Department of Human Resources, and failure to hire against the Alabama State Department

of Human Resources, Marshall County Department of Human Resources, Dekalb County Department of Human Resources, Jackson County Department of Human Resources, and the Jefferson County Department of Human Resources.[1]

II.   Facts.[2]

Simpson holds a bachelors degree in social work from Jacksonville State University, and he is a licensed social worker in the State of Alabama. Simpson offers that he has attention deficit hyperactivity disorder (hereinafter referred to as "ADHD") and has been diagnosed with a severe learning disability (hereinafter referred to as "SLD"). In his complaint, Simpson states that these conditions substantially limit one or more of his major life activities. He also states that he has a record of disability through his diagnoses and individual education plans (hereinafter referred to as "IEP") while he was attending school. According to Simpson, at some

---

[1] "Department of Human Resources" will be hereinafter referred to as "DHR."

[2] Unless otherwise noted, the facts have been taken from the face of the plaintiff's complaint.

time after his initial employment with the Marshall County DHR, all of the defendants became aware of his disabilities and his record of disability.

Simpson began his employment with the State of Alabama DHR and the Marshall County DHR on August 10, 2004, in Guntersville, Alabama, as a social worker. On November 24, 2004, Simpson was called to the office of Marshall County DHR Director Wayne Sellers and told that he was being terminated. Sellers allegedly later told Simpson that if he could work for two more weeks he would be allowed to submit a letter of resignation in lieu of termination. On December 10, 2004, Simpson submitted his resignation to both the Marshall County DHR and the State of Alabama DHR. According to Simpson, Sellers told him that if he submitted a letter of resignation, he would be placed back on the state register in good standing, would be given a good recommendation, and that Sellers would be able to obtain another job for Simpson with DHR.

Beginning in December 2004 and continuing until the present, Simpson has applied for positions with the State of Alabama DHR, Marshall County DHR, Dekalb County DHR, Jackson County DHR, and Jefferson County DHR. In November 2005, Simpson took and successfully passed the Alabama State

Social Workers' Examination and became a licensed social worker in the State of Alabama. However, to date, Simpson has not been rehired by any of the aforementioned entities (the defendants in this action).

III.     Motion to Dismiss.

Defendants have filed the instant motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil procedure on the grounds that : (1) Simpson has not stated a federal cause of action; (2) Simpson has not alleged a claim under Section 504 of the Rehabilitation Act; (3) Section 504 of the Rehabilitation Act is not enforceable legislation under the Spending Clause; (4) the Tenth Amendment prohibits the relief requested by Simpson; (5) Section 504 is not valid Section 5 legislation; (6) Defendants' sovereign immunity has not been waived by participation in federal funding programs; (7) Simpson is neither handicapped nor disabled; and (8) punitive damages are not available against Defendants. (Doc. 9.)

    A.     Motion to Dismiss Standard.

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a reasonable doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*,

355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must ". . . accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir. 1997)). However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)).

 B. Discussion.

The Court will address each of Defendants' arguments in support of their motion to dismiss in the following sections.

### 1. Simpson Has Not Stated A Federal Cause of Action.

Defendants argue that Simpson has provided "only conclusory allegations of violations of law without stating with particularity how those laws have been violated." (Doc. 9, p. 5.) Defendants cite to the case of *Gonzales v. Reno*, 325 F.3d 1228 (11th Cir. 2003), which reiterates that there is a heightened pleading requirement for civil rights cases, especially those which involve a defense of qualified immunity. *Id*. at 1235. "The complaint must allege the relevant facts 'with some specificity.'" *Id*. (quoting *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998)). According to Defendants, "Simpson does not even state what kind of discrimination he alleges that [they] have engaged in." (Doc. 9, p. 6.) Furthermore, Defendants offer that Simpson has not stated a valid cause of action because he resigned his employment, and there is a presumption that employee resignations are voluntary. *Id*. (citing *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995)). Defendants also add that Simpson has not stated a valid cause of action because he has not alleged that he made a request for a reasonable accommodation which was denied by Defendants.

First, Simpson's complaint clearly states that he is alleging a claim for discrimination under the Rehabilitation Act. The Complaint also alleges that Simpson has a disability, was otherwise qualified for the position in question, and that he was subjected to unlawful discrimination on the basis of his disability. *See, e.g., Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999) (setting out the requirements for a claim of discrimination under the Rehabilitation Act). Defendants have not provided any support for their assertion that Plaintiff must allege that they denied a request for reasonable accommodations. Second, the fact that Simpson resigned his employment, standing alone, does not prevent him from stating a valid claim under the Rehabilitation Act. Simpson may be able to establish facts sufficient to bring him under one of the exceptions to the presumption that a resignation is always voluntary. This is especially true in this case, as Simpson alleges that he was informed that he was being fired, but was later allowed to resign in lieu of termination, and was promised to be placed back on the state registry and given a positive recommendation. *See Hargray*, 57 F.3d at 1568 (finding that there are two instances where an employee resignation will not be considered to be voluntary: (1) where the employer forces the

employee to resign through coercion or duress; or (2) where the employer obtains the employee's resignation through deception or by misrepresenting a material fact to the employee).

      2.      Simpson Has Not Alleged A Claim Under Section 504 of the Rehabilitation Act.

Defendants include in their brief in support of their motion to dismiss a section entitled "No Section 504 Rehabilitation Act Claim Alleged." (Doc. 9, p. 7.) In that section, Defendants provide a thorough recitation of case law which sets forth the requirements for a valid cause of action under Section 504 of the Rehabilitation Act. For example, Defendants note that:

> [I]n order to obtain relief under section 504 [a plaintiff] must establish that: 1) [he is] "handicapped" within the meaning of the Act; 2) [he is] "otherwise qualified;" 3) [he is] excluded from programs or activities solely because of the handicap; and 4) the programs or activities from which [he is] excluded are operated by an agency that received federal financial assistance.

*Id.* (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1522 (11th Cir. 1991)). Defendants also point out that both allegations of knowledge and notice of the disability are required elements of a cause of action under Section 504. *Id.* at 8.

However, Defendants have not even attempted to demonstrate why they believe Simpson's complaint does not sufficiently assert a claim under Section 504 or why Plaintiff has not met the knowledge and notice requirement. The brief merely contains a recitation of case law from courts across the country as to what is required for liability to be imposed on a state agency receiving federal financial assistance under Section 504. Furthermore, it appears to the Court that Simpson's complaint sufficiently asserts a cause of action under Section 504.

### 3. Section 504 of the Rehabilitation Act Does Not Apply to the State of Alabama.

Defendants have enumerated several reasons why Section 504 does not apply to the State of Alabama: (1) Section 504 of the Rehabilitation Act is not enforceable legislation under the Spending Clause; (2) The Tenth Amendment prohibits the relief requested by Simpson; (3) Section 504 is not valid Section 5 legislation; and (4) Defendants' sovereign immunity has not been waived by participation in federal funding programs. Defendants have provided the Court with significant case law which they believe supports the argument that it would be unconstitutional to apply Section 504 to the State

of Alabama.  (Doc. 9, p. 9-19.)  However, as noted by Simpson in his response brief, it appears to the Court that the Eleventh Circuit's decision in *Garrett v. University of Alabama at Birmingham Bd. of Trustees*, 344 F.3d 1288 (11th Cir. 2003), dismisses each of Defendants' arguments.  In *Garrett*, the Court unambiguously held that by accepting federal funds, state agencies waive their immunity and are subject to claims under Section 504 of the Rehabilitation Act.  Although Defendants cite to cases in other circuits which appear to hold that acceptance of federal funds does not abrogate immunity under Section 504, this Court is bound by the Eleventh Circuit's holding in *Garrett*.  (*See, e.g.*, Doc. 9, p. 11.)

       4.    Simpson Is Neither Handicapped Nor Disabled.

Defendants aver that Simpson has not alleged nor presented any physician's statement or any other documentation indicating that he has any kind of disability.  (Doc. 9, p. 20.)  Defendants state that Simpson "has not requested an accommodation due to an alleged disability, either." *Id*.  As stated above, Simpson's complaint alleges that he has a disability, ADHD and SLD; it states the nature of the alleged disability; and it alleges that the disability substantially limits one or more major life activities.  A plaintiff

is not required to provide evidence in support of the existence of the disability at this initial pleading stage of the case. When considering a motion to dismiss, the Court must take the facts as they are alleged by the plaintiff. Whether Simpson is able to provide evidentiary support for the existence of his alleged disability is a determination for summary judgment, or even trial, but it is not appropriate for the Court to make such a determination at this point.

5. Punitive Damages Are Not Available Against Defendants.

Simpson has agreed to dismiss his claims for punitive damages. (Doc. 15, p. 8.) Therefore, Defendants' motion to dismiss is due to be granted with respect to Plaintiff's claims for punitive damages.

C. Conclusion.

For the reasons stated above, Defendants' motion to dismiss (Doc. 9) is due to be granted in part and denied in part. Defendants' motion is due to be granted with respect to Plaintiff's claims for punitive damages and denied otherwise.

IV.     Motion for Summary Judgment.

Defendants have also moved for summary judgment as to Plaintiffs' claims on the grounds of res judicata and collateral estoppel. (Doc. 12.)

    A.     Summary Judgment Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23. In evaluating the arguments of the movant, the court must

view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

B.   Discussion.

Defendants state that this "is not the first action filed against DHR by Plaintiff involving the same set of facts. On May 17, 2006, Plaintiff Simpson brought a pro se action against Marshall County DHR alleging racial discrimination in that he was forced to resign and was not rehired." *Id.* at 6-7. In that action, the Court granted the defendant's motion to dismiss Simpson's complaint, which alleged claims stating that Simpson was a

"victim of employment practices from . . . ADA and Title I and Title VII, EPA, and ADEA," "enticed to resign," "denied the right to rehire," "treated unfairly," and "unfairly terminated." *Simpson v. Marshall County Department of Human Resources*, Case No. 7:06-CV-0758-UWC (N.D. Ala. May 17, 2006). The Court dismissed Simpson's complaint *without prejudice*. *Id*. at Docs. 10 & 11.

"[R]es judicata does not apply if there was no final judgment on the merits in the earlier suit." *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003). In *Hughes*, the district court dismissed the claims in the earlier case without prejudice, and the Eleventh Circuit held that the doctrine of *res judicata* did not bar the plaintiff from reasserting the same claims in a later case. Just like the plaintiff in *Hughes*, Simpson's earlier lawsuit was dismissed *without prejudice* - there was no adjudication on the merits. Additionally, Simpson did not allege claims under the Rehabilitation Act in his original complaint, and it is clear from the order in Simpson's first case

that his claims were dismissed because of pleading deficiencies by a pro se plaintiff.[3]

C. Conclusion.

Because there has not been an adjudication on the merits of Plaintiff's claim, there remains a genuine issue of material fact and Defendants are not entitled to summary judgment.

V. Conclusion.

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 9) is due to be GRANTED IN PART and DENIED IN PART. Plaintiff's claims for punitive damages are DISMISSED with prejudice. Defendants' Motion for Summary Judgment (Doc. 12) is due to be denied. A separate order in conformity with this opinion will be entered.

Done this 9th day of March 2007.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153

---

[3]The Court's memorandum of opinion specifically states, "it is unfair to allow this case to proceed without sufficient detail that would give Defendants adequate notice of the allegations against them." *Simpson,* Case No. 7:06-CV-0758-UWC (Doc. 10, p. 4).